**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5135**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

LENNARD GRAY,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:08-cr-00228-GBL-1)

———————

Submitted: August 19, 2010         Decided: September 9, 2010

———————

Before MOTZ, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Brian Donnelly, PRICE, PERKINS, LARKEN & DONNELLY, Virginia Beach, Virginia, for Appellant. Dana James Boente, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lennard Gray was convicted by a jury and sentenced to a total of eighty months in prison for one count of conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and three counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 2, 841(a)(1) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that the court should affirm the district court's judgment but explaining that Gray wishes to challenge the district court's denial of his Fed. R. Crim. P. 29 motion and the effectiveness of his trial counsel. Counsel has also moved to withdraw from further representation of Gray. Gray has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

We review the district court's denial of Gray's Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted). This court "ha[s] defined

2

'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citation omitted). We have reviewed the record of the district court proceedings and conclude that it was reasonable for the jury to accept the Government's evidence as adequate and sufficient to find Gray guilty of the offenses with which he was charged beyond a reasonable doubt.

We reject on this appeal Gray's assertion that his trial counsel was ineffective. An ineffective assistance of counsel claim should generally be raised in a habeas corpus motion under 28 U.S.C.A. § 2255 (West Supp. 2010) in the district court. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Although an ineffective assistance claim may be cognizable on direct appeal if "it 'conclusively appears' from the record that defense counsel did not provide effective representation," id. (internal citation omitted), it does not conclusively appear on the record that counsel provided ineffective representation. Accordingly, an ineffective assistance of counsel claim is not cognizable on this appeal.

Although not challenged by Gray, we have also reviewed his sentence in accordance with our obligations under Anders. Gray's presentence investigation report ("PSR") properly placed

3

in criminal history category III and the district court did not err when it attributed him with a total offense level of twenty-six, yielding a Guidelines range of seventy-eight to ninety-seven months. The district court afforded counsel an opportunity to argue regarding an appropriate sentence, afforded Gray an opportunity to allocute, considered the 18 U.S.C. § 3553(a) (2006) factors before imposing Gray's sentence, and thoroughly explained its rationale for imposing Gray's particular sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review") (internal quotation marks and citations omitted). Because this court presumes Gray's within-Guidelines sentence is correct, and since Gray has presented no evidence to rebut this presumption, we affirm Gray's eighty-month sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. At this juncture, we also deny counsel's motion to withdraw from further

4

representation of Gray.  Rather, this court requires that counsel inform Gray, in writing, of the right to petition the Supreme Court of the United States for further review.  If Gray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gray.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED